DELGADO, PLAINTIFF AND APPELLANT, *v.* PIMENTEL ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an action of unlawful detainer.

No. 1148.—Decided June 8, 1914.

UNLAWFUL DETAINER—CONFLICTING TITLES.—Although it is true that in unlawful detainer proceedings questions of ownership arising from a conflict of titles between plaintiff and defendant cannot be considered, the said doctrine is not applicable to this case because no conflict of titles exists.

o

ID.—TITLE OF PLAINTIFF—EXECUTION SALE.—It appearing that the plaintiff ac-
quired the property occupied by the defendant by purchase at a public
auction in execution of a judgment rendered against the said defendant, it
was held that the plaintiff has a right to require that the defendant vacate
the property.

JUDICIAL KNOWLEDGE—STARE DECISIS.—This court should give legal effect to its
decisions and apply them to subsequent cases although they may not be cited
by the parties.

The facts are stated in the opinion.

Mr. *Miguel Juan Llaneras* for the appellant.

Mr. *José Sabater* for the respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of unlawful detainer proceeding from the
District Court of Mayagüez. It is alleged in the complaint
that the plaintiff is the owner of a certain house which he
acquired by purchase at a public auction in execution of a
judgment rendered by the Municipal Court of San Germán
in a suit brought by Juan Ortiz Perichi against the defend-
ants, José Antonio Pimentel, José Antonio Pimentel known
as Toñito Pimentel, and Emilia Pimentel.

It is alleged also in the complaint that the defendants are
occupying the said house against the will of the plaintiff and
without paying any rent, thus unlawfully detaining the pos-
session and use of the same. The prayer of the complaint
is that the court render judgment ordering the defendants
to vacate the house and leave it at the free disposal of its
owner, the plaintiff, with costs and other pronouncements
provided for by law.

The defendant answered denying generally and specifically
all the allegations of the complaint and the trial having been
held on March 16, 1914, the district court, on April 14, 1914,
rendered judgment dismissing the complaint. From that
judgment the plaintiff took the present appeal.

The judgment appealed from is based on the fact that the
real question involved in this case being which of the parties
has the best title to the house in controversy, this question
cannot be considered and decided in this special unlawful
detainer proceeding.

In our opinion the doctrine invoked by the trial court is correct, but an examination of the evidence introduced does not show that the question to be decided is that indicated by the district court.

The plaintiff proved by a duly executed public deed that he had purchased the house in question in the proceedings for the execution of the judgment rendered in an action brought by Juan Ortiz Perichi against the same defendants who are the defendants in this action of unlawful detainer.

The defendants introduced in evidence (a) a judicial proceeding for the partition of an inheritance, in which it is shown that the house in controversy was adjudicated to Juan Ortiz Perichi and defendants Pimentel, and (b) the record of an action brought in the Municipal Court of San Germán by Juan Ortiz Perichi against defendants Pimentel for the partition or sale at public auction of the house referred to in the action of unlawful detainer, which action was pending on appeal in the District Court of Mayagüez.

The first thing that attracts attention is how the judgement rendered by the Municipal Court of San Germán in the action brought by Ortiz against the Pimentels could have been executed if the latter appealed therefrom to the district court. The trial court explains that as follows:

"The reason why this case No. 4541 is pending on appeal while the judgment rendered by the Municipal Court of San Germán has been executed is the following: The Municipal Court of San Germán rendered judgment in the said case in favor of plaintiff Ortiz Perichi on November 18, 1913; on November 25, 1913, Attorney José Sabater, representing defendant Pimentel, sent by registered mail to Alvaro Fernández, secretary of the Municipal Court of San Germán, the notice of appeal, and sent a like notice by mail to Juan Llaneras, the attorney for the plaintiff, who also resides in San Germán, the residence of Attorney Sabater, representing the defendant, being Mayagüez; Attorney Miguel Juan Llaneras received the notice of appeal on November 26, 1913, and although the notice of appeal sent to the secretary of the said court arrived at San Germán on the same day, November 26, 1913, the secretary did not take the said notice from the post-

office until December 1, 1913, the date on which the notice of appeal
was filed; Attorney Miguel Juan Llaneras moved that the secretary
of the municipal court issue a writ of execution on the judgment
rendered on the ground that the notice of appeal had not been filed
within the time allowed, and the Municipal Court of San German
sustained the motion, ruling that the judgment was final and that
the appeal had not been duly taken. When the case was brought up
to this court the question was raised by Attorney Miguel Juan Lla-
neras, representing plaintiff Ortiz Perichi, and this court has decided
that the said appeal was duly taken and that therefore the case is
pending trial before this court.''

The very question as to the existence or non-existence
of the appeal under consideration was considered fully and
decided in the negative by this court in the case of *Delgado*
v. *Hutchison, District Judge,* in *certiorari* proceedings on
May 22, 1914. As we must follow the doctrine laid down in
the said decision, we are forced to the conclusion that when
this action of unlawful detainer was decided by the District
Court of Mayagüez there was no appeal pending from the
judgment rendered by the Municipal Court of San Germán
in the said action brought by Ortiz against defendants Pimen-
tel, the said judgment being, on the contrary, absolutely final
because no appeal therefrom had been filed in the office of the
secretary of the municipal court within the time fixed by law.

Therefore, all the rights which defendants Pimentel had
to the house in question passed to the plaintiff in this case
by reason of the sale made in the execution of the judgment.
From the moment when the sale was made the right of the
defendants to continue occupying the house ceased and the
right of the plaintiff to enjoy fully his acquired ownership
thereof began. Therefore there is no conflict of titles. The
title of the plaintiff has its origin in the title of the defend-
ants. When the marshal made the sale he sold him the house
in the name and representation of Ortiz Perichi and defend-
ants Pimentel.

In view of all the foregoing, we are of the opinion that
the appeal should be sustained and the judgment appealed

from reversed, another judgment being rendered sustaining the complaint without special imposition of costs.

> *Reversed and judgment rendered in favor of plaintiff for the eviction of the defendants without special imposition of costs.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.